Alvin Logue, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Borough of McKees Rocks, Respondent.

Argued December 4, 1979, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Ronald P. Koerner,* with him *Gatz, Cohen, Segal & Koerner,* for petitioner.

*Leonard P. Kane, Jr.,* with him *Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE ROGERS, January 8, 1980:

Alvin Logue has appealed from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of workmen's compensation benefits which Logue sought under Section 108(o) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, §108, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, §1, *as amended,* 77 P.S. §27.1. We affirm.

Logue, a fireman for eighteen years, applied for workmen's compensation benefits after suffering a heart attack while on duty at the stationhouse. Logue's employer, the Borough of McKees Rocks, challenged his application for benefits on the ground that Logue's employment did not cause or contribute to his heart attack. At a referee's hearing, each Logue and his employer offered into evidence the deposition of a medical expert. The experts differed. The referee, after carefully reviewing the testimony of both medical experts, found the employer's expert's testimony more credible than Logue's expert and denied benefits to Logue. The Board subsequently affirmed.

Logue contends that the referee and the Board capriciously disregarded evidence that Logue's employ-

ment caused or contributed to his heart attack and that the referee should have based his findings on his, rather than the employer's, evidence. Since we have here a case of conflicting medical opinion, each party's being competent, we cannot say that the necessary rejection of one, in this case Logue's, was arbitrary or capricious. The credibility of a medical expert and the weight to be given his testimony are matters within the province of the referee and a finding supported by substantial evidence will not be disturbed by a reviewing court. *Walther v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 122, 388 A.2d 1166 (1978).

Accordingly, we enter the following:

ORDER

AND Now, this 8th day of January, 1980, the order of the Workmen's Compensation Appeal Board denying workmen's compensation benefits to Alvin Logue is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.