Robert Hawthorne, Inc. and Continential Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Robert O. Stone), Respondents.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

 

*L. Oliver Frey*, with him, *Susan McLaughlin* and *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.*, for petitioners.

*Paul V. Tatlow*, with him *Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for respondent, Robert O. Stone.

OPINION BY JUDGE CRAIG, June 8, 1983:

In this workmen's compensation case, employer Robert Hawthorne, Inc.[1] appeals the board's[2] affirmance of a referee's dismissal of its petition to terminate, suspend or modify benefits to claimant Robert O. Stone.

In September, 1967, the claimant had suffered severe injuries, including a broken neck, when the tractor-trailer, which he was driving for the employer, overturned. By agreement, the employer has paid the claimant $52.50 a week.

On May 13, 1977, the employer filed the termination petition, alleging that the claimant had recovered from his injuries. At the hearing, the employer attempted to rebut the claimant's testimony that he could not turn his head from side to side, and was incapable of doing housework, by presenting a medical witness, who testified that he had recently examined the claimant, and that the claimant had recovered from his injuries, and was capable of returning to work as a truckdriver. Furthermore, the employer's private investigator testified that he had conducted a surveillance of the claimant's activities on several oc-

---

[1] Underwriters Adjusting Co. is joined with Robert Hawthorne, Inc. as appellant.

[2] Workmen's Compensation Appeal Board.

casions, and had motion pictures of the claimant doing housework, yardwork and indicating that the claimant was capable of moving his head from side to side. The claimant then admitted that he had engaged in most of the activities depicted on these films, but he insisted that he remains disabled.

The claimant then introduced the testimony of a medical witness who opined that the claimant continues to be permanently and totally disabled, suffering from a fixed dislocation of the spine and a chronic musculo-ligamentous sprain. Another medical witness testified that the claimant continues to be totally disabled as a result of a traumatic neurosis which is directly related to the work-related injury.

The referee, in his findings of fact, expressly accepted the testimony of claimant's medical witnesses without mentioning the motion pictures. On appeal, the employer contends that the referee's failure to incorporate the significance of the film in the findings of fact constitutes a capricious disregard of competent evidence.[3]

Although motion pictures, when properly identified and authenticated, are admissible as evidence for the purpose of establishing facts, *John B. Kelly Co., Inc. v. Workmen's Compensation Appeal Board*, 8 Pa. Commonwealth Ct. 589, 303 A.2d 255 (1973), we have recognized that a short sequence of film taken after

---

[3] An employer who files a termination or modification petition has the burden of showing that the claimant's disability has ended or has been reduced and that there is work available, which the claimant can perform within his physical limitations, without loss of earning power. *RCA Corp. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 411, 406 A.2d 588 (1979). Where, as here, the referee has found against the party with the burden of proof, our scope of review is limited to whether the referee capriciously disregarded competent evidence in reaching his conclusion. *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

638

a lengthy period of surveillance often can distort the true nature of an individual's injury, and is thus of questionable value as evidence. *Id.*

The referee, as the factfinder, resolves questions of credibility, and may accept or reject the testimony of any witness, in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Insofar as the claimant presented two medical experts, who testified that the claimant remained disabled, we cannot say that the referee capriciously disregarded competent evidence. *Logue v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 348, 409 A.2d 947 (1980).

Accordingly, we affirm the decision of the board.

ORDER

Now, June 8, 1983, the order of the Workmen's Compensation Appeal Board, Docket No. A-79152, dated January 28, 1982, is affirmed.