641 A.2d 727

**Richard J. PIERCE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 11, 1994.

Decided May 6, 1994.

Frank W. Ittel, Jr., for petitioner.

David B. Washington, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.

CRAIG, President Judge.

The claimant, Richard J. Pierce, appeals from a decision of the Unemployment Compensation Board of Review which affirmed a referee's determination denying benefits to the claimant under § 402(e) of the Unemployment Compensation Law (Law),[1] because of willful misconduct.

The facts in this case, as found by the board, are as follows:

1. Claimant was last employed as a police officer by the Kennedy Township Police Department from January 2, 1970 at a final rate of $13.80 per hour and his last day of work was March 11, 1992.

2. The claimant was discharged for nine counts of retail theft from a convenience store in Kennedy Township on at least six separate occasions between February 29, 1992 and March 9, 1992.

3. Claimant was observed taking these items from the convenience store by means of store surveillance video while on duty or in uniform.

4. The claimant was discharged on March 11, 1992 for his participation in retail theft and conduct unbecoming an officer.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

The issue in this case is whether the referee properly admitted into evidence a videotape presented by the claimant's employer, Kennedy Township Police Department.

At the hearing, Robert Coradi, the owner of the convenience store, testified on behalf of the employer. Coradi stated that his employees informed him that they suspected the claimant of stealing cigars from the convenience store. Thereafter, Coradi positioned a surveillance camera in the store focused on the cigar rack. He testified that he made five tapes beginning on February 29, 1993 during the 11:30 p.m. to 7:30 a.m. shift. Coradi testified that the tapes revealed the claimant stealing cigars from his store.

The employer introduced a tape at the hearing which Coradi testified was a composite of the five tapes produced by him. The referee admitted into evidence, over the claimant's objection, the composite video. The claimant contends that the referee improperly admitted and relied on the composite tape because Coradi did not properly authenticate the videotape.

The admission of a videotape requires a witness who has made the videotape recording to testify as to the identity of the objects and person shown, the time and place of the making of the videotape and must verify the videotape to be a true and accurate representation of the scene depicted. *Alford v. Bailey*, 202 Pa.Superior Ct. 324, 196 A.2d 393 (1963). In this case, Coradi testified that the videotape placed into evidence was a composite of the five tapes produced by him. Although he did not make the composite videotape, he stated that the composite was a true and accurate representation of his videos.

Coradi narrated the videotape and identified the claimant as the person in the video removing cigars from his store without paying for them. Coradi identified different scenes on the tape which showed the claimant entering the store, taking cigars off the rack and placing them in a newspaper or in his clothing before leaving the store.

This court has previously recognized that, in a worker's compensation case, a short sequence of film taken after a

14

lengthy period of surveillance can distort the true nature of an individual's injury and is thus of questionable value as evidence. *Robert Hawthorne, Inc. v. Workmen's Compensation Appeal Board*, 74 Pa.Commonwealth Ct. 635, 460 A.2d 911 (1983). A videotape may be used to prove facts, even though, standing alone, it is insufficient to establish a legal conclusion, such as the existence of "good cause" for a personnel action. *Korin v. Department of Corrections*, 137 Pa.Commonwealth Ct. 94, 585 A.2d 559 (1991), *petition for allowance of appeal denied*, 528 Pa. 615, 596 A.2d 160 (1991).

However, the witness here, Coradi, did adequately authenticate the videotape in accord with *Alford*. For authentication, proof of every step in making a photographic representation is not required. For example, even the photographer need not be called if another witness can authenticate the content. Arthur L. Jenkins, *Pennsylvania Trial Evidence Handbook* § 5.7 (1974). Therefore, authentication of a moving picture by a witness who can confirm that the representation is accurate as to objects depicted, at the relevant time, is sufficient; testimony from a processor or editor is not necessarily required.

Thus, the videotape, as authenticated and supplemented by Coradi's testimony, established the fact that the claimant removed cigars from the store without paying for them. The claimant acknowledges that such conduct by a police officer constitutes willful misconduct. Accordingly, because the videotape provides substantial evidence that the claimant engaged in retail theft, the decision of the board is affirmed.

### ORDER

NOW, May 6, 1994, the order of the Unemployment Compensation Board of Review, No. B–304173, dated October 16, 1992, is affirmed.