Jurisdiction relinquished.

**Marion THOMPSON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BETHLEHEM STEEL CORPORATION, FREIGHT DIVISION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 1996.

Decided Oct. 22, 1996.

Charles G. Mickens, for Petitioner.

Robert G. Rose and Ralph J. Trofino, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Marion Thompson (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the Workers' Compensation Judge (WCJ) and granting the petition of Bethlehem Steel Corp. (Employer) to terminate Claimant's benefits, while denying Claimant's petition for compensation benefits. We affirm.

A review of the record indicates that Claimant was employed as a crane director on January 4, 1990 when he caught his right foot between some plates and twisted his leg, injuring his right knee. Subsequently, he was paid temporary total disability pursuant to a notice of compensation payable.

Claimant returned to light-duty work in April, 1990. He was reinjured on May 30, 1991, when his right knee buckled and he fell on his back. He returned to his light-duty job on June 8, 1991, where he worked until September 13, 1991. At that time Employer offered him his former, regular-duty position as crane director, and asked him to report to this job on September 23, 1991. Claimant did not report to the job and was terminated effective October 8, 1991. Employer filed a petition for termination alleging that Claimant was no longer disabled, and Claimant filed a claim petition alleging that he sustained a back injury on May 30, 1991. The WCJ found that his disability related to his work injury had ceased as of July 25, 1991.

On appeal, Claimant argues that the WCJ erred in admitting the surveillance videotapes which were not properly identified and authenticated. Claimant argues that Employer did not present the evidence of a witness to identify and authenticate the videotape, and Employer's medical witnesses relied heavily on this videotape in their testimony. Therefore, this evidence was inadmissible and Claimant was prejudiced by the admission of this incompetent testimony.

We have held that surveillance films, even when taken without the consent of the subject, may be used as evidence in workmen's compensation proceedings for the purpose of establishing facts, if relevant, and if the proper safeguards of identification and authentification are met. *Westinghouse Electric Co. v. Workmen's Compensation Appeal Board (Pollock)*, 96 Pa.Cmwlth. 436, 507 A.2d 1287 (1986).

Employer concedes that it did not present any of its own witnesses to identify or authenticate the surveillance tape. However, Employer argues that the tape was properly and sufficiently authenticated because Claimant, himself, testified concerning the videotape and identified himself as the person in

the tape, performing the activities depicted on July 2, and July 3, 1991.[1]

In a similar case, *Pistella v. Workmen's Compensation Appeal Board (Samson Buick Body Shop)*, 159 Pa.Cmwlth. 342, 633 A.2d 230 (1993), we held, while acknowledging that the technical rules of evidence are to be relaxed in administrative hearings, and that the claimant's counsel had conceded at the hearing that his client had seen the tapes and that the tapes did, in fact, depict the claimant, that the WCJ erred in admitting a surveillance tape which had not been properly authenticated. We stated that, despite this partial authentification, there was insufficient basis for the tape's admission because, "there was no testimony by the investigator who made the videotape as to the time span covered therein, the dates on which the pictures were taken, or whether they were in fact an accurate representation of the scenes depicted." *Id.* 633 A.2d at 233.

The *Pistella* ruling is an indication of this Court's traditional mistrust of surveillance films, especially when no proper basis for them has been established. Thus, for example, we held in *Robert Hawthorne, Inc. v. Workmen's Compensation Appeal Board (Stone)*, 74 Pa.Cmwlth. 635, 460 A.2d 911, 912 (1983), that, "a short sequence of film taken after a lengthy period of surveillance often can distort the true nature of an individual's injury, and is thus of questionable value as evidence." In *John B. Kelly Co., Inc. v. Workmen's Compensation Appeal Board*

*(Davis)*, 8 Pa.Cmwlth. 589, 303 A.2d 255 (1973), we held that the films taken by one party to a law suit are necessarily suspect. Moreover, it is well established that surveillance films alone are an inadequate basis to sustain the evidentiary burden of showing that a claimant's disability has been reduced, *Hartzell v. Workmen's Compensation Appeal Board (Bowen McLaughlin)*, 101 Pa.Cmwlth. 137, 515 A.2d 1009 (1986).

■■■ Thus, on the basis of *Pistella*, we hold that the surveillance tape was not properly authenticated, and should not have been admitted by the WCJ. However, based upon the other evidence presented in this case we are satisfied that the WCJ's finding that Claimant was fully recovered from his work-related injuries to his knee and his back is supported by substantial evidence.[2] As the Board stated:

> In this case, Defendant presented the medical testimony of William A. Yates, M.D. and Lucien Trigiano, M.D. The WCJ made the following Findings of Fact relating to the testimony of these physicians:
> 9. Dr. William A. Yates treated the claimant for both his knee and back injuries from January 8, 1990 to August 20, 1991. It was his opinion that the claimant was capable of performing his regular job as a crane director without the restriction as of July 25, 1991. In addition, to his own examination, the doctor placed significant reliance upon a surveillance videotape taken on July 2nd and July 3rd, 1991. (D7 at

1. The WCJ made the following finding of fact regarding the surveillance evidence:
   12. Surveillance was conducted by the employer on July 3, 1991.(D-8). Claimant was filmed at a local park where he was coaching a little league baseball team. He is shown hitting baseballs, walk [sic] around the ball field, bending over to install the bases, doing some running, and getting off and on a bench. While getting off and on the bench, he flexes his right knee without apparent problem. In none of the activities filmed does it appear that claimant was having any problem with his right knee.

2. While we hold that there was substantial evidence to support the WCJ's decision, we deplore Employer's and Employer's counsel's failure to provide Claimant with a copy of the videotape prior to the first hearing before the WCJ. The surveillance was accomplished on July 2 and July 3, 1991, but Claimant was not provided with

a copy of this tape prior to the first hearing on November 27, 1991, the second hearing on March 4, 1992 or the third hearing on May 27, 1992. During the course of Employer's medical expert's testimony on May 27, 1992, it became apparent that the medical expert had viewed a surveillance tape, of which Claimant was not even aware. Employer had an obligation to provide a copy to Claimant prior to the first hearing, pursuant to the Special Rules of Administrative Practice and Procedure before Referees, 34 Pa. Code § 131.61, and while Employer managed to provide a copy to its medical witnesses, he violated this obligation and this rule by failing to reveal the existence of the tape to Claimant for eleven months. *Anzaldo v. Workmen's Compensation Appeal Board (M & M Restaurant Supply Co.)*, 667 A.2d 488 (Pa.Cmwlth.1995), *appeal denied* 544 Pa. 676, 678 A.2d 366 (1996).

18, 19). He was of the opinion that claimant was fully recovered from the knee injuries of May 22, 1984 and January 4, 1990 as well as the back injury of May 30, 1991. (D7 at p. 20–24).

10. Dr. Lucien L. Trigiano examined claimant on October 9, 1992 and issued a report of that same date (D–10). In addition to his own examination, he reviewed various medical records and the surveillance videotape of July 2nd and July 3rd, 1991. The doctor appeared and testified at a hearing held on June 23, 1993. It was his opinion that the claimant was capable of returning to his regular job without restriction. (P. 15 of transcript—hearing of June 23, 1993). He felt that claimant had suffered a soft tissue injury to his back on May 30, 1991 which had since resolved. *Id.* at 16. As for the right knee, he felt that there was some degenerative disease and chondromalacia. Nevertheless, he believed the knee to be stable and the claimant to be fully recovered from both the May 22, 1984 and January 4, 1990 injuries. *Id.* at 16. He noted that the surveillance films corroborated his beliefs. *Id.* at 17. The Claimant presented the medical testimony of Donald Lowry, M.D., and a chiropractor, Jeffrey O. Sterner, D.C. The Claimant was presently treating with Dr. Sterner and it was his opinion that Claimant had sustained a soft tissue injury to his low back on May 30, 1991 which had not yet resolved. Dr. Sterner was of the further opinion that Claimant was disabled from performing his regular job duties as a crane director.

After carefully considering the conflicting evidence presented, the WCJ specifically found the testimony of Defendant's medical witnesses, Doctors Yates and Trigiano, to be more credible and persuasive than the medical evidence presented by Claimant. Moreover, the WCJ found that the Claimant's testimony was not credible as to his inability to perform his regular job duties as a crane director. Accordingly, the WCJ found that the Claimant's work-related injuries to his knee and back were completely resolved as of July 25, 1991 and, as of that date, he was fully recovered from the employment injuries and capable of returning to his regular job duties as a crane director without restrictions.

It is well settled that in worker's compensation cases, it is the WCJ, as ultimate fact finder, who must determine witness credibility and evidentiary weight. *Buczynski v. Workmen's Compensation Appeal Board* [133 Pa.Cmwlth. 532], 576 A.2d 421 (Pa.Cmwlth.1990). In this role, the WCJ is free to evaluate the evidence offered and can accept or reject the testimony of any witness, in whole or in part, including that of medical witnesses. *Northeastern Hospital v. Workmen's Compensation Appeal Board* [134 Pa.Cmwlth. 164], 578 A.2d 83 (Pa.Cmwlth.1990). It is the WCJ's prerogative to accept the medical opinion of one expert over another and such a reasoned selection does not constitute reversible error. *Shustack v. Workmen's Compensation Appeal Board* [141 Pa.Cmwlth. 296], 595 A.2d 719 (Pa.Cmwlth.1991). If the WCJ's findings are supported by substantial evidence, we are bound to accept them and cannot disturb them on appeal. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board* [9 Pa. Cmwlth. 176], 305 A.2d 757 (Pa.Cmwlth. 1973).

■ Claimant asserts that the WCJ's decision was based upon accepting the testimony of Employer's medical witnesses as credible, and since the medical witnesses' testimony was saturated with reliance on an inadmissible surveillance video-tape, such testimony was incompetent. Admittedly, the medical witnesses relied upon the videotape in forming their ultimate conclusions that Claimant was no longer disabled, and surveillance films, standing alone, are inadequate to sustain the evidentiary burden of showing that a claimant's disability has been reduced. *Hartzell.* Nevertheless, we have declined to hold that a medical expert's opinion must have been reached without viewing the surveillance films. *Id.* So long as the medical witness' opinion is based on other substantial, competent evidence of record, the viewing of the surveillance film will not be said to have rendered the medical decision incompetent.

Here, both doctors relied not only on the videotape but on their own examination and medical records. Dr. Yates was also Claimant's treating physician for his back and knee injuries. Thus, the videotape was only one piece of evidence corroborating the doctors' belief that Claimant had recovered from his disability.

Accordingly, we affirm the Board's order granting Employer's termination petition and denying Claimant's claim petition.

## ORDER

AND NOW, this 22nd day of October, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

FRIEDMAN, J., concurs in the result only.