Susan **MURPHY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MERCY CATHOLIC MEDICAL CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Dec. 23, 1998.

Christina J. Barbieri, Philadelphia, for petitioner.

Peter Harrison, Philadelphia, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Susan Murphy (Claimant) seeks review of an order issued by the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) granting the Mercy Catholic Medical Center's (Employer) termination petition and denying Claimant's review petition. Claimant contends that the WCJ's decisions are not supported by substantial evidence. Alternatively, Claimant requests this Court to remand the matter for the WCJ to hear the results of a medical test performed after his decision. Employer maintains that all issues raised by Claimant are wholly frivolous and requests this Court to award it counsel fees.

Claimant suffered a work-related back injury on October 11, 1990 and received total disability benefits pursuant to a notice of compensation payable that described her injury as a back strain. Claimant's treating physicians are Drs. James M. Minnella and John L. Sbarbaro, who diagnosed Claimant's injury as an acute lumbar strain with radiation. On January 23, 1992, Dr. Minnella referred Claimant to a psychologist, Dr. Joel H. Rosenberg, who began treating Claimant for "Psychological Factors Affecting Physical Condition" with a secondary diagnosis of depression. On April 9, 1992, Claimant was examined at Employer's request by a psychiatrist, Dr. Timothy J. Michals, who diagnosed Claimant as suffering a work-related depressant disorder. Also at Employer's request, Claimant was twice examined by a physician, Dr. Robert H. Cram, who diagnosed Claimant as totally disabled. Objective studies of Claimant's back show a bulging disc but no herniation.

On May 29, 1993, a private investigator working for Employer videotaped Claimant volunteering at a concession stand for handicapped riders at the Devon horse show. Her activities included sitting and standing, selling hats and clothes, folding shirts, walking around the grounds several times and walking a horse across the grounds into a boarding stable. The investigator also filmed Claimant on June 3, 1993 driving to various stores, a bank and a gas station where she pumped her own gas. Significantly, these films show Claimant sitting for more than twenty minutes at a time, bending ninety degrees while sitting and standing, walking and using steps without any apparent pain or discomfort. After reviewing these films both Drs. Cram and Michals revised their opinions. Dr. Michals concluded there is no evi-

dence Claimant suffers any mental disorder, and if the films reflected Claimant's condition at all times she never suffered a disorder.

Dr. Cram approved Claimant for a return to light-duty work with restrictions. Employer referred Claimant to three job opportunities on September 29, 1993 and to a fourth a month later. Claimant responded to these referrals, but the extent of her effort to obtain the employment is in dispute. When Claimant presented herself to potential employers her behavior reflected physical discomfort. On October 5, 1993, Claimant was examined by another physician, Dr. Andrew Newman, at Employer's request. Dr. Newman performed various anatomical manipulations on Claimant and found no objective evidence of physical injury but reserved any judgment on Claimant's mental condition. Dr. Newman also noted that Claimant displayed non-physiological responses indicative of symptom magnification.

Employer filed a petition to terminate Claimant's benefits alleging that she was fully recovered as of October 5, 1993, the date of Dr. Newman's exam. Shortly thereafter, Employer filed a modification petition alleging that suitable employment was made available to Claimant on September 29, 1993, which she failed to pursue in good faith. Claimant filed a petition to review compensation benefits alleging that the notice of compensation payable should be amended to include a psychological injury. Employer presented the testimony of Drs. Cram, Michals and Newman, as well as various other lay persons, who testified to the facts set forth above. Among other testimony,

Claimant presented depositions from Drs. Minnella, Sbarbaro and Rosenberg, who opined among other things that the surveillance tapes did not change their opinion of Claimant's condition.

The WCJ credited the opinions of Drs. Newman and Michals and credited Dr. Cram's opinion to the extent that the doctor found no objective evidence of injury. The WCJ discounted the opinions of Drs. Minnella and Sbarbaro because they are unsupported by objective evidence and in conflict with the surveillance film. The WCJ discounted Dr. Rosenberg's opinion because the diagnosis of "Psychological Factors Affecting Physical Condition" is premised on an ongoing physical injury or condition. The WCJ found that Claimant's psychological disorder, if any, was not causally related to her work injury. Thus the WCJ concluded that Employer met its burden to establish that Claimant was fully recovered and that Claimant failed to prove that she suffered a psychological disorder as a result of the work injury. Accordingly, the WCJ granted the termination petition and dismissed the review petition. The WCJ dismissed the modification petition as moot without addressing the credibility of the vocational witnesses. The Board affirmed.[1]

Claimant argues that Dr. Newman's testimony is insufficient to satisfy Employer's burden of proof in a termination proceeding. In such a proceeding the employer bears the burden of proving that the work injury has ceased. *Udvari v. Work-*

1. This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *See, e.g., Schriver v. Workers' Compensation Appeal Board (Department of Transportation)*, 699 A.2d 1341 (Pa.Cmwlth.1997). Credibility determinations are for the WCJ as sole factfinder and may not be disturbed by this Court where supported in the record by substantial evidence. *See Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383 (Pa. Cmwlth.1995). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.

Cmwlth. 542, 453 A.2d 710 (1982). In determining whether substantial evidence supports a WCJ's finding, this Court reviews the record as a whole and may not limit its inquiry to only that portion favoring the WCJ's finding but instead must also consider the conflicting evidence. *See Peak v. Unemployment Compensation Board*, 509 Pa. 267, 501 A.2d 1383 (1985) (applying the test set forth in *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), to determine whether a finding is supported by substantial evidence); *Miller v. Workmen's Compensation Appeal Board (Fischbach & Moore)*, 160 Pa.Cmwlth. 589, 635 A.2d 709 (1993) (reversing a WCJ's finding where it is not supported by substantial evidence on the record as a whole).

*men's Compensation Appeal Board (USAir, Inc.),* 550 Pa. 319, 705 A.2d 1290 (1997). This burden is considerable and never shifts to the claimant because disability is presumed to continue until demonstrated otherwise. *Battiste v. Workmen's Compensation Appeal Board (Fox Chase Cancer Center),* 660 A.2d 253 (Pa.Cmwlth.1995). Where a claimant continues to complain of pain, the employer's burden is met when it presents unequivocal medical testimony that the "claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or link them to the work injury." *Udvari,* 550 Pa. at 326, 705 A.2d at 1293 (footnote omitted). It is essential, however, that the medical evidence as a whole establishes that all disability related to a compensable injury has ceased. *See Broughton v. Workers' Compensation Appeal Board (Disposal Corp. of America),* 709 A.2d 443 (Pa.Cmwlth.1998).

■ After reviewing the record as a whole, this Court finds that the WCJ's conclusion that Employer met its burden in the termination petition is not supported by substantial evidence. Dr. Newman never opined that all of Claimant's work-related disability has ceased or that Claimant can return to work without restriction. The only opinion offered by Dr. Newman is that the medical examination he performed revealed no objective evidence of injury from an orthopedic standpoint. The opinion that one particular examination revealed no evidence of physical injury is not the equivalent of an unequivocal assertion that the claimant suffers no injury where the claimant also claims psychological injury resulting from the work injury. Furthermore, at the time Dr. Newman filed his report on Claimant he only opined that she was able to return to at least a sedentary light position. Nor can Dr. Cram's testimony sustain Employer's burden to prove Claimant's full recovery, because Dr. Cram expressly opined that Claimant could only return to work with restrictions.

■ An employer's burden to prove that all disability from a work-related physical injury has ceased includes the burden to prove that a claimant has recovered from both physical and psychological conse-

quences. *Battiste.* Even though the burden to prove causation for a psychological injury is on the claimant in other petitions, in a termination petition the employer bears the burden. *Id.* Moreover, an employer is not required to present unequivocal medical testimony to refute a claimed psychological consequence that is raised for the first time in a termination proceeding and is not supported by credible evidence. *Cf. Battiste* (reversing a WCJ's grant of a termination petition where the employer's physician suggested the claimant suffered a psychological injury and the employer presented no other psychological evidence). In this case, however, Employer's psychiatrist diagnosed Claimant with a depressant disorder over one year before the termination proceeding, and that diagnosis was unchallenged until the surveillance films were taken. The only evidence presented by Employer to show that Claimant has psychologically recovered is Dr. Michals' recantation of his prior diagnosis of mental disorder after reviewing the surveillance tape. Dr. Michals never re-examined Claimant; yet he concluded that based on the actions, affect and mental state Claimant displayed during the film, she suffered from no mental disorder.

This Court has stated that "[f]or a medical witness's testimony to be considered unequivocal and competent, a necessary foundation must be provided upon which the medical witness bases his [or her] opinion." *Whiteside v. Workmen's Compensation Appeal Board (UNISYS Corp.),* 168 Pa.Cmwlth. 488, 497–498, 650 A.2d 1202, 1207 (1994). This Court has traditionally approached surveillance film with distrust. *See Thompson v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.),* 683 A.2d 1315 (Pa. Cmwlth.1996). As explained in *Robert Hawthorne, Inc. v. Workmen's Compensation Appeal Board (Stone),* 74 Pa.Cmwlth. 635, 637– 638, 460 A.2d 911, 912 (1983), "a short sequence of film taken after a lengthy period of surveillance often can distort the true nature of an individual's injury, and is thus of questionable value as evidence."

Although this Court has found a physician's recantation of a prior diagnosis competent evidence to support the termination of benefits, *see Hartzell v. Workmen's Compensation Appeal Board (Bowen McLaughlin,*

*York Div.),* 101 Pa.Cmwlth. 137, 515 A.2d 1009 (1986), this Court traditionally demands some additional showing when the injury is psychic, *see Whiteside* (discussing the various burdens of proof when a claimant alleges psychic injury). This Court is not convinced that a medical expert can render a legally competent opinion on a claimant's mental condition after merely viewing selected activities shown in two days of surveillance videotape. In any event, the evidence as a whole does not support the WCJ's findings that Claimant was fully recovered from her work-related injury as of October 5, 1993, and for this reason the WCJ erred in granting Employer's termination petition.

Claimant also contends that the WCJ erred in dismissing her review petition. The Court notes that one of the factual premises relied upon by the WCJ in dismissing the review petition was the WCJ's conclusion that Claimant is fully recovered physically. As discussed above, this finding is not supported by substantial evidence. Therefore, the WCJ should reconsider Claimant's review petition on remand, but this Court expresses no opinion on its merits.[2] For the foregoing reasons, the Court reverses the Board's order granting Employer's termination petition, and this matter is remanded for the WCJ to consider the merits of Employer's modification petition, previously dismissed as moot, along with Claimant's review petition.

### ORDER

AND NOW this 23rd day of December, 1998, the order of the Workers' Compensation Appeal Board is reversed, and this case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

President Judge COLINS dissents.

---

**2.** Claimant further requests remand for the WCJ to consider after-discovered evidence. The Court notes that, although Claimant had ample opportunity, she did not request the Board to order a rehearing before the WCJ prior to the Board's decision, and therefore the Court finds no competent basis for ordering a rehearing on this ground. Also, Employer's request for counsel fees is moot as this matter has been resolved in favor of Claimant. *Broughton.*