**Patric GIBSON, c/o Kathy Gibson, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ARMCO STAINLESS & ALLOY PRODUCTS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 2005.

Decided April 6, 2006.

Darren K. Parr, Pittsburgh, for petitioner.

Paul S. Summers, Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Kathy Gibson (Claimant) appeals from the June 21, 2005 order of the Workers' Compensation Appeal Board (Board) reversing a decision of the Workers' Compensation Judge (WCJ) that granted Claimant's penalty petition. Additionally, Armco Stainless & Alloy Products (Employer) has filed a motion to dismiss Claimant's petition for review, alleging that in contravention of Pa. R.A.P. 1513(d),[1] the latter is vague in failing to provide a general statement of Claimant's objections to the Board's determination, and consequently fails to preserve any issue for this Court to review.

On October 2, 1997, Claimant filed a fatal claim petition alleging that her husband, Patric Gibson, died on October 14, 1994, from lung cancer as a result of his long-term exposure to harmful gas, dust, and fumes while working for Armco Stainless & Alloy Products (Employer). The WCJ, by a decision circulated on June 29, 2001, granted Claimant's petition. Employer appealed this decision, and the Board, on July 8, 2002, reversed. On May 8, 2003, this Court reversed the Board's decision and reinstated the WCJ's award.

Subsequently, Employer filed a petition for allowance of appeal with the Supreme Court and also filed an application for stay with this Court. By an order dated June 20, 2003, this Court denied Employer's application. On August 8, 2003, Claimant filed a penalty petition alleging that Employer had violated the Workers' Compen-

---

1. Rule 1513(d) requires that an appellate jurisdiction petition for review contain, inter alia, "a general statement of the objections to the order or other determination," that is "deemed to include every subsidiary question fairly comprised therein."

sation Act (Act)[2] by failing to pay Claimant benefits as directed by the WCJ after this Court denied Employer's request for supersedeas.

■ Prior to the WCJ's decision regarding Claimant's penalty petition, the Supreme Court, by an order dated October 9, 2003, granted Employer's application for supersedeas. On December 4, 2003, the WCJ granted Claimant's penalty petition after concluding that Claimant successfully established that Employer violated the Act by failing to pay Claimant benefits in accordance with the WCJ's June 29, 2001 decision. Although the WCJ's decision acknowledged the Supreme Court's ultimate grant of supersedeas to Employer, it nonetheless provided that as of July 21, 2003 (30 days after this Court denied Employer's request for supersedeas), Employer was obligated to pay all benefits due Claimant as of July 21, 2003, along with 20 percent penalties calculated on that amount. The WCJ further noted that Employer could seek redress from the Supersedeas Fund. Employer appealed, and by an order dated June 21, 2005, the Board reversed the WCJ's determination. Thereafter, Claimant filed the present appeal.[3]

■ On appeal, Claimant contends that the Supreme Court's granting of Employer's petition for supersedeas on October 9, 2003, did not negate Employer's responsibility to pay Claimant benefits pursuant to this Court's June 20, 2003 order denying Employer's petition to stay, and that said obligation began within 30 days of the June 20, 2003 order. Claimant therefore maintains that Employer's failure to pay these benefits was a violation of the Act. Relying upon *Hoover v. Workers' Compensation Appeal Board (ABF Freight Systems)*, 820 A.2d 843 (Pa.Cmwlth.2003), *overruled by Bates v. Workers' Compensation Appeal Board (Titan Construction Staffing, LLC)*, 878 A.2d 160 (Pa.Cmwlth. 2005), and *Moody v. Workers' Compensation Appeal Board (Philadelphia Inquirer)*, 127 Pa.Cmwlth. 65, 560 A.2d 925, 927 (1989), Claimant avers that this Court has held that an employer's filing of an appeal does not negate the employer's obligation, pursuant to a Court order, to pay benefits to a claimant's survivors.

Upon review of the present record within the guidelines set forth by our Supreme Court in *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, — Pa. ——, 891 A.2d 1267 (2006), we affirm the Board's reversal of the WCJ's determination. The claimant in *Snizaski*, after receiving payment of benefits in full (over $147,000), filed a penalty petition on November 13, 2000, alleging that employer's failure to make payment within 30 days of the Board's June 13, 2000 order constituted a breach of Section 428[4] of the

---

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

3. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Murphy v. Workers' Compensation Appeal Board (Mercy Catholic Medical Center)*, 721 A.2d 1167 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied,* 560 Pa. 691, 742 A.2d 678 (1999).

4. Section 428 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, provides in pertinent part as follows:

Whenever the employer, who has accepted and complied with the provisions of section three hundred five, shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas

Act, 77 P.S. § 921. The employer, who on July 6, 2000, filed an application for supersedeas with the Board, argued that it was not required to make payment while its supersedeas application was pending and therefore had not incurred any penalty. On July 31, 2000, the Board denied employer's supersedeas petition and on September 8, 2000, Commonwealth Court denied a subsequent supersedeas application filed by the employer.

The WCJ in *Snizaski* granted claimant's penalty petition after concluding that employer's payment of benefits to claimant on July 25, 2000 was untimely as a matter of law, and that employer's filing an appeal and supersedeas request were inadequate to suspend employer's duty to pay benefits under the Act. The employer appealed to the Board which reversed the penalty award, after which the claimant appealed to Commonwealth Court. The latter, sitting en banc, affirmed the Board and issued an opinion overruling its former panel decision in *Hoover* based upon the rationale set forth in *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth. 2001), *petitions for allowance of appeal denied*, 572 Pa. 711, 813 A.2d 845 and 572 Pa. 726, 814 A.2d 678 (2002). In doing so, the Commonwealth Court, pursuant to *Candito*, concluded that the *Hoover* panel had failed to give adequate consideration to the employer's reliance on the Board's regulations governing supersedeas that "in effect, purport to stay an employer's obligation to pay during the pendency of a supersedeas request." *Snizaski*, at 1272. The Supreme Court affirmed, stating,

> We are persuaded by the Board's argument on the proper interplay of its regulations and the provisions of the

Act. Under the statute, the power to assess a penalty is dependent upon the party violating the Act or pertinent rules and regulations. 77 P.S. § 991(d). One way an employer may violate the Act and become "subject to a penalty," is to "terminate[ ], decrease or refuse[ ] to make" a payment provided for in a compensation "decision," in the absence of a supersedeas being sought and actually granted. Id. § 971(b).... Section 428 does not address the point where a default occurs, much less fix that default at thirty days from judgment; instead, that Section **assumes** a default and then addresses the separate question of the potential summary remedy afforded to claimants once that default **has persisted** for thirty days. By the same token, the penalty provisions in the Act are not made contingent upon the expiration of thirty-day grace periods following a violation.... In short, it is apparent that Section 428 of the Act does not set forth the thirty-day, penalty-free supersedeas construct advanced by Claimant (and accepted by the Commonwealth Court).

*Snizaski*, at 1276–77.

The Supreme Court in *Snizaski* further acknowledged that pursuant to the Act, an employer or insurer may seek a supersedeas, and considering that the Act does not set forth a timeframe for considering a supersedeas request, the Supreme Court "perceives no tension between the Board's regulations and the statute." In this respect, the Court notes that the Act "duly authorizes" the Board to adopt procedures and rules "which are reasonably calculated to expedite the hearing and determination of appeals to the board and to insure full payment of compensation when due." Sec-

---

of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to

the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award.

tion 435(c) of the Act,[5] 77 P.S. § 991(c). The Supreme Court concluded that the Board's regulations governing supersedeas practice are both necessary and complementary to the Act and that when both said regulations and the Act "are read *in pari material,* ... an employer can be deemed in default only if it fails to seek supersedeas while pursuing additional review or refuses to make a compensation payment after its supersedeas request is denied. To hold otherwise would render the Board's supersedeas regulations and authority a nullity." *Snizaski,* at 1278.

The *Snizaski* Supreme Court unequivocally stated that the assessment of penalties against an employer should not be dependent upon the grant or denial of the employer's supersedeas request, but rather should be linked to "some discernible and avoidable wrongful conduct." In this regard, the Supreme Court notes that "where the only delay in payment is that which is specifically contemplated in the regulations to permit the orderly determination of a timely supersedeas request, a penalty is not appropriate." *Snizaski,* at 1278, n. 11.

The above discussion and rationale adopted by the Supreme Court in *Snizaski* is applicable to the present analogous matter, and therefore we conclude that the Board properly reversed the WCJ's grant of claimant's penalty petition. The present Claimant's reliance upon *Hoover* is misplaced, since it is the Supreme Court's position that an employer who fails to pay a compensation award while it has pending a supersedeas petition, filed pursuant to the Board's regulations, is not subject to a penalty assessment. *Snizaski,* at 1278.

Finally, we deny Employer's motion to dismiss Claimant's petition for review pursuant to Pa. R.A.P. 1513(d), as Claimant's

statement of objection in the petition encompasses all arguments raised in her brief, and we disagree with Employer's contention that Claimant has waived issues because of lack of specificity.

Based on the foregoing discussion, the decision of the Board is affirmed.

## *O R D E R*

AND NOW, this 6th day of April 2006, the Motion to Dismiss Claimant's Petition for Review filed by Employer Armco Stainless & Alloy Products is DENIED, and the order of the Workers' Compensation Appeal Board entered in the above-captioned matter is AFFIRMED.

5. Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended.*