Pascaria **VARGHESE**, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (RIDGE CREST NURSING HOME, Consolidated Risk Services), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2006.

Decided May 12, 2006.

Reargument En Banc Denied June 22, 2006.

Paul Auerbach, Merion Station, for petitioner.

Martin G. Malloy, Philadelphia, for respondent, Ridge Crest Nursing Home.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Pascaria Varghese (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) denial of her penalty petition brought against Ridge Crest Nursing Home (Employer) due to its failure to pay a workers' compensation award within 30 days of a denial of its application for supersedeas by the Board, as well as suspending benefits from January 2, 2004, because she failed to fill out the "wage block" on the LIBC–760 form sent to her for completion.

On January 2, 1999, Claimant was injured while working for Employer, and a notice of compensation payable was issued. Subsequently, Employer filed a termination petition and Claimant filed a penalty petition, both of which were granted, and both parties appealed to the Board. On December 16, 2003, the Board affirmed the imposition of penalties, but reversed the termination of Claimant's benefits.

Employer timely filed an application for supersedeas, which was denied by the Board on February 18, 2004. After an appeal was taken to this Court, Employer filed an application for supersedeas with us which was denied on March 26, 2004. On April 23, 2004, 28 days after the denial of its application for supersedeas by this Court, Employer paid Claimant $31,-478.64 [1] which represented the amount owed pursuant to the Board's December 16, 2003 order.

Following entry of the Board's reversal of the termination of benefits, Employer

---

1. The payment was for: (a) 53 weeks and two days of temporary total disability benefits for the period from March 1, 2002 to March 9, 2003; (b) partial disability benefits calculated over the period from March 10, 2003 to March 13, 2004; and (c) partial disability benefits calculated for the period from January 31, 1999 to February 22, 1999 for a total amount of $31,478.64.

sent Claimant, as authorized by Section 311.1 of the Workers' Compensation Act (Act), 77 P.S. § 631.1,[2] among other forms, an LIBC–760 form "Employee Verification of Employment, Self–Employment, or Change in Physical Condition." Claimant's counsel, by correspondence dated January 2, 2004, returned the LIBC–760 form to Employer verifying that Claimant was employed and working with pain and using pain medication that was prescribed by her doctor, but did not indicate the amount of wages that she earned. On February 9, 2004, Employer filed a "Notice of Suspension for Failure to Return Form LIBC–760" which stated that Claimant's benefits were automatically suspended as of January 2, 2004, for failure to return the completed LIBC–760 form. On March 9, 2004, Claimant's counsel corresponded with Employer indicating that he was attaching Claimant's two-week pay slips from her current employer for the periods ending December 20, 2003, and January 31, 2004. Apparently when Employer received this information, benefits resumed, although Claimant alleges in her brief that the suspension has not been formally lifted.

 Claimant then filed a petition[3] seeking penalties and unreasonable contest attorney's fees alleging that Employer violated the Act by (1) failing to pay benefits within 30 days after the Board reversed

---

2. Act of June 2, 1915, P.L. 736, *added by* Section 6 of the Act of June 24, 1996, P.L. 350. It provides, in relevant part:

(a) If an employe files a petition seeking compensation under section 306(a) or (b) or is receiving compensation under section 306(a) or (b), the employe shall report, in writing to the insurer the following:

(1) If the employe has become or is employed or self-employed in any capacity.

(2) **Any wages from such employment or self-employment.**

(3) The name and address of the employer.

(4) The amount of wages from such employment or self-employment.

(5) The dates of such employment or self-employment.

(6) The nature and scope of such employment or self-employment.

* * *

(7) Any other information which is relevant in determining the entitlement to or amount of compensation.

(e) The employe is obligated to complete accurately the verification form and return it to the insurer within thirty days of receipt by the employe of the form. However, the use of the verification form by the insurer and the employe's completion of such form do not relieve the employe of obligations under clauses (a), (b) and (c).

* * *

(g) If the employe fails to return the completed verification form within thirty days, the insurer is permitted to suspend compensation until the completed verification form is returned. The verification form utilized by the insurer shall clearly provide notice to the employe that failure to complete the form within thirty days may result in a suspension of compensation payments. (Emphasis added.)

3. Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), confers power on a WCJ to award a penalty where there is a violation of the Act or the rules and regulations issued pursuant to the Act. *Frompovicz v. Workmen's Compensation Appeal Board (Palsgrove)*, 164 Pa. Cmwlth.307, 642 A.2d 638 (1994); *Spatola & Thompson v. Workmen's Compensation Appeal Board (Kissell)*, 43 Pa.Cmwlth.137, 401 A.2d 877 (1979). A violation of the Act occurs when an employer fails to make a payment within 30 days of when it is obligated to begin paying compensation. *Lord v. Workmen's Compensation Appeal Board*, 38 Pa.Cmwlth. 626, 395 A.2d 598 (1978) (penalties may be imposed for failure to make prompt payment of compensation or for improper suspension of benefits). However, even if a violation of the Act is apparent on the record, the imposition of a penalty is at the discretion of the WCJ. *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000); *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.)*, 676 A.2d 690 (Pa.Cmwlth.1996).

the termination of her benefits in violation of Section 428 of the Act, 77 P.S. § 921, and (2) illegally suspending her benefits under Section 311.1 of the Act, because her failure to fill in the "wage" block on her LIBC–760 form indicating wages was insufficient to invoke an automatic suspension of benefits.

■ The WCJ denied Claimant's penalty petition on both grounds. As to the penalty sought for failing to make payment within 30 days, the WCJ found that Employer's obligation to pay the back compensation was stayed while its supersedeas requests were pending both before the Board and this Court. Because Employer paid Claimant back compensation on April 23, 2004, within 30 days of this Court's March 26, 2004 denial of supersedeas, the WCJ denied the penalty. As to the penalty sought due to Employer's alleged improper suspension of benefits because the LIBC–760 form was incomplete, the WCJ held that Employer properly suspended benefits because Claimant provided wage records outside the 30–day verification period as required by Section 311.1 of the Act. Claimant appealed to the Board, which affirmed, and this appeal followed.[4]

Recognizing that as a result of *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 847 A.2d 139 (Pa. Cmwlth.2004), *aff'd*, —— Pa. ——, 891 A.2d 1267 (2006), an employer now has a "safe harbor" from penalties while a supersedeas request is before the Board, Claimant contends that the WCJ and Board erred in denying her penalty petition based on the mistaken belief that Employer enjoys the same "safe harbor" while a supersedeas request is pending before this Court. She argues that based on this Court's ruling in *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth.2001), if an employer's request for a supersedeas is denied, penalties can be imposed due to the failure to make payment of compensation within 30 days of the Board's order. We agree.

■ Section 413(b) of the Act, 77 P.S. § 774(2),[5] imposes on the employer the responsibility to request a supersedeas during the appeal process or to make compensation payments, and the mere filing of a supersedeas request does not stay an employer's obligation to pay. In *Snizaski*, we and our Supreme Court held that the Board's regulations[6] effectively acted to

4. This Court's scope of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Russell v. Workmen's Compensation Appeal Board (Volkswagon of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

5. Section 413(b) of the Act specifically provides:

In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case. A supersedeas

shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The workers' compensation judge hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition.

6. Where a party appeals a Board order awarding or ceasing benefits, the Board's regulations require that a petition for supersedeas must initially be filed within 20 days of the order, and the party opposing a supersedeas has 10 days in which to respond to the petition. 34 Pa.Code § 111.22(a); 34 Pa.Code § 111.23(a). The Board is required to "rule on requests for supersedeas within 20 days of the date when the answer is due, or the re-

temporarily grant a supersedeas request, thus removing the employer's obligation to pay until the Board could provide a final resolution and making the award of penalties for non-payment of compensation inappropriate. In *Candito*, we held that it was not an abuse of discretion not to award penalties for non-payment of compensation while supersedeas was pending before this Court where, unlike here, the petition was granted. More recently, in *Gibson v. Workers' Compensation Appeal Board (Armco Stainless & Alloy Products)*, 897 A.2d 535 (Pa.Cmwlth.2006), we extended *Candito*, holding that penalties were inappropriate when a supersedeas was granted by the Supreme Court after we had denied the request. While both *Candito* and *Gibson* held that the award of penalties were not appropriate when the supersedeas was granted, in *Candito*, citing *Crucible, Inc. v. Workmen's Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth. 1998), we noted that because a supersedeas request to this Court did not stay the obligation to pay, when a request was denied, an employer "may be liable for penalties for the entire period of non-payment." *Id.*

Under *Candito* and *Crucible* then, Employer is not sheltered by a "safe harbor" from the imposition of penalties while a supersedeas request is pending before this Court or our Supreme Court. To the contrary, Employer has placed itself in a position of peril, betting that if the supersedeas request is granted, it will not have to pay benefits ordered and penalties will not be assessed; if, however, supersedeas is denied, it risks the imposition of penalties for failure to pay within 30 days of the Board's order denying reconsideration. Not to place employers at risk of penalties would make it commonplace for employers to file supersedeas requests with no

chance of success just to delay payment and earn interest on benefits due and owing to claimants. Because in this case we denied Employer's application for supersedeas, the matter would have to be remanded to the WCJ to determine if the award of penalties is appropriate.

Claimant also contends that the WCJ and Board erred in not awarding penalties due to Employer's suspension of benefits because she failed to fill in the block regarding her wages. Citing *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000), Claimant contends that because she filled in the name, address and starting date of her new employer on her LIBC–760 form, she gave Employer sufficient information to either contact the new employer for a printout of her weekly earnings and/or request Claimant to provide a copy of all of her pay slips for the 10 months she returned to work. Claimant asserts that she timely filed her LIBC–760 form, and that the reason she did not fill in the "amount of wages" block on the LIBC–760 form was due to the fact that her wages varied each week.[7]

 While we held in *Galloway* that providing claimant's attorney's address in the address "block" rather than claimant's residential address did not justify the suspension of benefits, we went on to state that suspensions may occur if a required form is lacking information which Section 311.1 of the Act requires to be completed, namely, "information regarding employment, self-employment and/or physical condition." *Galloway*, 756 A.2d at 1213–1214; *see also Brehm v. Workers' Compensation Appeal Board (Hygienic Sanitation Co.)*, 782 A.2d 1077 (Pa.Cmwlth.2001) (claimant who fails to provide financial in-

---

quest shall be deemed denied." 34 Pa.Code § 111.24(b).

7. Employer does not address this issue in its brief.

formation necessary to make a proper determination of his average weekly wage or information that is necessary to ascertain whether the claimant is working may have workers' compensation benefits suspended until such information is provided and such a determination can be made). Also *apropos* to this case is that in *Galloway*, we held that the WCJ's failure to award penalties, even though benefits were improperly suspended, was not an abuse of discretion. Because Claimant's benefits were legally suspended, the WCJ properly decided that there was no basis on which to award penalties at all.

Based on the foregoing reasons, we reverse that portion of the Board's order finding that penalties could not be awarded for the period of time when the supersedeas request was pending before this Court. We remand the matter to the WCJ to determine whether an award of penalties is appropriate because Employer did not pay benefits within 30 days of the Board's denial of supersedeas on February 18, 2004.

### ORDER

AND NOW, this 12th day of May, 2006, the order of the Workers' Compensation Appeal Board, dated December 13, 2005, at No. A04–2715, is reversed in part and remanded to the Workers' Compensation Judge for the determination of penalty due as the result of non-payment of benefits within 30 days of the Board's denial of supersedeas on February 18, 2004.

Jurisdiction relinquished.

CONCURRING and DISSENTING OPINION BY Judge SIMPSON.

I concur in that portion of the majority's opinion which addresses the suspension issue. However, I respectfully dissent from the rest of the majority opinion. For the reasons that follow, I would affirm the refusals of both the Workers' Compensation Judge (WCJ) and the Workers' Compensation Appeal Board to award a penalty for failure to pay compensation while a supersedeas request is pending before this Court.

Primarily, I disagree with the majority's conclusions that a remand is necessary for further factual findings. On the contrary, the WCJ based her refusal to award a penalty on extensive factual findings. The findings on this issue are as follows (with emphasis added):

6. This Judge is persuaded, upon her review of the documentary evidence, that Defendant made a prompt and timely request for supersedeas of its obligation to make payment pursuant to the award/order of the Workers' Compensation Appeal Board to the Workers' Compensation Appeal Board, and this is based upon this Judge's calculation of 50 days back from the Board's 2/18/04 order, which indicates that, even if the Board issued its order on the 20th day, Defendant requested supersedeas within 20 days of the Board's award/order dated 12/16/03.

7. The Judge finds that during the period when supersedeas was pending before the Workers' Compensation Appeal Board, and up to 2/18/04, and during which period the 30-day time period for making payment under the Act expired, Defendant's obligation for the payment to Claimant was stayed.

8. *This Judge finds no evidence of record suggesting that Defendant's application for supersedeas to the Commonwealth Court was delayed or otherwise untimely made.*

9. This Judge is persuaded that during the period of time when Defendant's application for supersedeas was pending before the Commonwealth Court, and up to March 26, 2004, Defendant's obligation for payment of the award/order

of the Workers' Compensation Appeal Board of December 16, 2003, was likewise stayed.

10. *The Judge finds no evidence of record to dispute, and no argument is made otherwise, than that during the period following the award/order of the WCAB of December 16, 2003 up to March 26, 2004 there was pending, initially before the WCAB, and then before the Commonwealth Court, a request by Defendant for a stay of its obligation to make payment of the 12/16/03 order.*

11. This Judge finds that Defendant's issuance of payment on April 23, 2004 was made within 30 days of the order of the Commonwealth Court denying Defendant's request for a stay of payment.

12. *This Judge finds no persuasive evidence of record to suggest that Defendant caused a delay between March 26, 2004 and April 23, 2004, when payment was issued by Defendant.*

WCJ Op. of 10/18/04, Findings of Fact Nos. 6–12. Clearly, the WCJ found that Employer timely filed its requests for supersedeas, did not delay, maintained requests for supersedeas at all times, and relied on those pending requests. Moreover, the Board recounted these findings and relied on them.

It is undisputed that the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is apparent on the record. *Candito v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth.2001). Under the facts as found, it was well within the WCJ's discretion to deny a penalty. Under this approach, it is not necessary to remand this case to the WCJ for the empty exercise of finding more facts.

Nor is it necessary to decide as a matter of law whether a penalty is theoretically possible. Such a decision will require an examination of the usefulness of "safe harbors" for some supersedeas requests but not for others. Also, such a decision will compel an explanation as to why Board procedures governing supersedeas requests support one result while the rules of appellate procedure and motions practice in the Supreme and Commonwealth Courts support a different result. It is sufficient for present purposes to note our Supreme Court's recent guidance that "Penalties should be tied to some discernible and avoidable wrongful conduct," and that good faith reliance on general supersedeas procedures is not such conduct. *Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, —— Pa. ——, ——, 891 A.2d 1267, 1278 (2006).