**John McCAFFERTY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TRIAL TECHNOLOGIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2013.

Decided Nov. 21, 2013.

Lenard A. Cohen, Philadelphia, for petitioner.

Joseph S. Bekelja, Philadelphia, for respondent Trial Technologies, Inc.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEAVITT.

John McCafferty (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) denying his penalty petition and dismissing his

reinstatement petition.[1] Claimant contends that his failure to date a verification of his inability to work, as of the date he signed the form, was a harmless omission that did not warrant the suspension of his benefits. He contends that the Board erred in affirming the decision of the Workers' Compensation Judge (WCJ). Discerning no error, we affirm.

On November 16, 2009, Claimant filed a claim petition seeking compensation for an injury he sustained on April 20, 2009, while working for Trial Technologies, Inc. (Employer). On January 18, 2010, while the claim petition was pending, Employer's insurer sent Claimant a form entitled "Employee Verification of Employment, Self-Employment or Change in Physical Condition." This verification form was generated by the Department of Labor & Industry, Bureau of Workers' Compensation (LIBC) and is identified as "Form LIBC–760."[2] Employer's letter instructed Claimant to "**sign, date** and **return** forms" to Employer within 30 days. Reproduced Record at 31 a (R.R. ——) (bold in original). The letter also advised that if Claimant had any questions, he could call Christina Anderson, a claims representative for the insurer; the letter provided Anderson's direct phone number.

On February 22, 2010, several days after the 30–day deadline stated in Anderson's cover letter, Claimant's counsel faxed the Form LIBC–760 to Employer's insurer. On April 13, 2010, Employer's insurer rejected Claimant's Form LIBC–760, stating that "[w]e must have the originals and they must be dated." Certified Record (C.R. ——), Exhibit D–1. On May 20, 2010, Claimant returned the original Form LIBC–760 by hand delivery, although it still did not have a date. In the cover letter, Claimant asserted that the original Form LIBC–760 did not have to be returned.

On July 20, 2010, Claimant's claim petition was granted as of April 30, 2009. On August 13, 2010, Employer sent Claimant a notice of suspension as of February 17, 2010, because he had not properly completed and returned Form LIBC–760 to Employer. On August 19, 2010, Claimant mailed a second Form LIBC–760 to Employer, which was dated. Accordingly, Employer reinstated benefits August 20, 2010. Claimant then filed a penalty petition and a petition to reinstate compensation benefits for the period of February 17, 2010, to August 19, 2010. The petitions were consolidated for a hearing before the WCJ.

Anderson was the sole witness. She acknowledged receiving Claimant's Form LIBC–760 by fax on February 22, 2010. However, she did not believe that the form was properly completed because it was not dated.[3] She believed the date was important because "in speaking with law enforcement officials, that in order to prosecute for insurance fraud, you may not

---

1. The petitions were filed pursuant to the provisions of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

2. Employer's insurer also sent Claimant a Form LIBC–750, which asks for the employee's wage information and a Form LIBC–756, which asks for an employee's report of benefits. This appeal involves only the Form LIBC–760.

3. Additionally, Claimant did not answer Question 5, which asks whether there is "other information you are aware of that is relevant in determining your entitlement to, or amount of compensation[.]" R.R. 40a. Employer did not rely upon this omission as a basis for suspending benefits before the WCJ, the Board, or in its brief to this Court.

prosecute unless this form is dated." R.R. 22a.

Employer's counsel argued that a claimant must return an original of the Form LIBC–760, not a faxed copy. Claimant responded that it was common practice to send workers' compensation forms by facsimile and nothing in the Act prohibited the practice.

The WCJ found the faxed copy of Claimant's Form LIBC–760 unclear and difficult to read and observed that providing the originals was the better practice. She further observed that Form LIBC–760 has a date line next to the signature line, which had not been completed by Claimant. The WCJ found this to be a fatal omission. The WCJ reasoned that without a date on the form, the employer cannot determine what period of time was covered by the verification. Because an employer may not send a Form LIBC–760 more frequently than every six months, it needs a date to calculate the mailing date for the next form. Concluding that Claimant had not returned a completed Form LIBC–760 on February 22, 2010, the WCJ denied the penalty petition and dismissed Claimant's reinstatement petition as moot, noting that Employer had reinstated benefits on August 20, 2010.

Claimant appealed to the Board, arguing that the WCJ erred in his application of the Act. The Board noted that in *Thomas v. Workers' Compensation Appeal Board (Temple University Hospital)*, 2008 WL 9405066 (Pa.Cmwlth., No. 392 C.D. 2008, filed July 9, 2008), a claimant had faxed a Form LIBC–760 to the insurer, which manner of transmission did not elicit a comment from this Court. The Board construed *Thomas* to mean that transmission by facsimile was an acceptable method of returning a Form LIBC–760. Nevertheless, the Board denied Claimant relief because he had not provided the date on which he signed the form. Claimant then petitioned for this Court's review.

On appeal,[4] Claimant raises two issues. First, he argues that the Board has conceded that it is permissible to return Form LIBC–760 by facsimile. Accordingly, the facsimile provides the date. Second, Claimant contends that the Board erred in holding that the Form LIBC–760 was defective. Even though Claimant did not provide the date on which he signed the form, a date was established by the facsimile.

We begin with a review of the applicable provisions of the Act. Section 311.1 of the Act states as follows:

(a) If an employe files a petition seeking compensation under section 306(a) or (b) or is receiving compensation under section 306(a) or (b), the employe shall report, in writing, to the insurer the following:

(1) If the employe has become or is employed or self-employed in any capacity.

(2) Any wages from such employment or self-employment.

(3) The name and address of the employer.

(4) The amount of wages from such employment or self-employment.

(5) The dates of such employment or self-employment.

(6) The nature and scope of such employment or self-employment.

4. Our scope of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

(7) Any other information which is relevant in determining the entitlement to or amount of compensation.

(b) The report referred to in clause (a) must be made as soon as possible but no later than thirty days after such employment or self-employment occurs.

(c) An employe is obligated to cooperate with the insurer in an investigation of employment, self-employment, wages and physical condition.

(d) If an employe files a petition seeking compensation under section 306(a) or (b) or is receiving compensation under section 306(a) or (b), *the insurer may submit a verification form to the employe either by mail or in person. The form shall request verification by the employe that the employe's status regarding the entitlement to receive compensation has not changed* and a notation of any changes of which the employe is aware at the time the employe completes the verification, including employment, self-employment, wages and change in physical condition. Such verification shall not require any evaluation by a third party; however, it shall include a certification evidenced by the employe's signature that the statement is true and correct and that the claimant is aware of the penalties provided by law for making false statements for the purpose of obtaining compensation.

(e) *The employe is obligated to complete accurately the verification form and return it to the insurer within thirty days of receipt by the employe of the form.* However, the use of the verification form by the insurer and the employe's completion of such form do not relieve the employe of obligations under clauses (a), (b) and (c).

(f) The insurer may require the employe to complete the verification form at intervals of no less than six months.

(g) *If the employe fails to return the completed verification form within thirty days, the insurer is permitted to suspend compensation until the completed verification form is returned.* The verification form utilized by the insurer shall clearly provide notice to the employe that failure to complete the form within thirty days may result in a suspension of compensation payments.

77 P.S. § 631.1, *added by* the Act of June 24, 1996, P.L. 350 (emphasis added). Pursuant to Section 311.1, the Department of Labor & Industry has promulgated a regulation and developed the Form LIBC–760. 34 Pa.Code § 123.502.[5]

■ In his first issue, Claimant contends that the return of a Form LIBC–760 can be returned by facsimile. We agree.

Our holding in *Thomas,* No. 392 C.D. 2008, is instructive. In that case, the claimant was out of the country when the

---

5. The regulation states, in relevant part, as follows:

(a) Insurers may submit Form LIBC–760, "Employee Verification of Employment, Self-employment or Change in Physical Condition," to the employe and employe's counsel, if known, to verify, no more than once every 6 months, that the status of the employe's entitlement to receive compensation has not changed.

\* \* \*

(d) If the employe fails to comply with subsection (c), the insurer may suspend pay-

ments of wage-loss benefits until Form LIBC–760 is returned by the employe.

\* \* \*

(g) Employees are not entitled to payments of workers' compensation during periods of noncompliance with subsection (c).

34 Pa.Code §§ 123.502(a), (d), (g).

employer sent her a Form LIBC–760. The claimant's daughter signed it on the claimant's behalf. The employer refused to accept the form as valid and suspended benefits. Two months later, the claimant faxed a completed form to the employer, and the employer reinstated benefits. On appeal to this Court, the claimant argued that her daughter's signature was sufficient. We disagreed because there was no evidence that the daughter had a power of attorney to act on her mother's behalf. More importantly, there was no evidence that the claimant's daughter had the knowledge necessary to complete the form. This Court then observed:

> Moreover, given today's technological advances, Thomas fails to explain why she did not complete the Bureau forms personally until after the forms filled out by [her daughter] were deemed unacceptable by [the employer]. As the WCJ noted: "a world served by fax machines, overnight delivery services and documents scanned in and forwarded by computers provide reliable and inexpensive means of communication and transmission of documents."

*Id.,* slip opinion at 7 (internal citations omitted).

Consistent with the above reasoning in *Thomas,* we hold that Form LIBC–760 can be returned to employer by facsimile. The question, then, is whether a Form LIBC–760 must be dated by the claimant.

This Court's holding in *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police),* 756 A.2d 1209 (Pa.Cmwlth.2000), provides guidance. In that case, the employer suspended benefits because the claimant had not completed the Form LIBC–760. Specifically, the claimant refused to disclose her address and, instead, provided her attorney's ad-

dress. Further, the claimant's compensation checks were remitted to her attorney under a power of attorney. The WCJ found that the employer was entitled to suspend benefits until the claimant completed the form with her address and, further, her compensation checks could not be sent to her attorney. On appeal, the Board agreed that the claimant was obligated to provide her own address because this was information needed by the employer in order to provide job referrals or to investigate her level of impairment. However, the Board held that checks could be remitted to the claimant's attorney. The Board reversed the suspension of benefits.

Both parties appealed to this Court. The claimant argued that the Act did not require her to provide her personal address. The employer argued that the failure to provide that information made the Form LIBC–760 incomplete and warranted a suspension of benefits. This Court held that "the plain meaning" of Section 311.1 did not identify the claimant's personal address as information that had to be provided. The attorney's address was sufficient. Accordingly, we held that the employer lacked grounds to suspend benefits.

In *Varghese v. Workers' Compensation Appeal Board (Ridge Crest Nursing Home),* 899 A.2d 1176 (Pa.Cmwlth.2006), we revisited the issue. Therein, the employer suspended the claimant's benefits for returning a Form LIBC–760 that omitted the amount of wages being earned. The claimant filed a penalty petition arguing that her benefits were illegally suspended. She contended that she could not provide her wages because they varied each week. The WCJ upheld the suspension and the Board affirmed.[6] On appeal,

---

**6.** Question 6 of Form LIBC–760 requires a    claimant to list the names of employers for

this Court affirmed. We held that the omission was directly related to the information needed by the employer to compute the amount of compensation benefits it owed.

■ With these principles in mind, we turn to this appeal. The purpose of Form LIBC–760 is to inform an employer of the claimant's work status and medical condition. Section 311.1(d) of the Act states that the "form shall request verification by the employe that the employe's status regarding the entitlement to receive compensation has not changed and a notation of any changes of which the employe *is aware at the time* the employe completes the verification, including employment, self-employment, wages and change in physical condition." 77 P.S. § 631.1(d) (emphasis added). Further, an employer may request a claimant to complete Form LIBC–760 "at intervals of no less than six months." 77 P.S. § 631.1(f). The Form LIBC–760 presents a snapshot in time of a claimant's employment and physical status. Without a date, the snapshot is rendered meaningless.·

Claimant believes that the date of the facsimile, *i.e.*, February 22, 2010, is sufficient completion of the Form LIBC–760. Claimant admitted that he received the Form LIBC–760 on January 18, 2010. Claimant may have signed it on January 19, 2010, or on February 22, 2010. It is not known and cannot be determined from the face of the document. If it had been signed on January 19th, the·verification may have been inaccurate as of February 22, 2010. Nevertheless, Employer would not be able to send another form until August 22, 2010, if we accept Claimant's contention that the facsimile date is sufficient.

which she has worked since the date of injury and the amount of wages received from them.

Further, the Form LIBC–760 developed by the Department of Labor & Industry requires a signature and date below the following attestation:

> I verify that this information is true and correct based upon my knowledge, information and belief. I understand that false statements are subject to the provisions of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

R.R. 40a. Employer believed that a claimant signing the Form LIBC–760 with false information cannot be prosecuted under 18 Pa.C.S. § 4904 if the form is signed without a date. That may or may not be true. What is clear is that the signature and date are essential to the unsworn statement to the Department of Labor & Industry. The date is needed to confirm the substance of the statements in the Form LIBC–760 as of a date certain.

Because the Form LI BC–760 submitted by Claimant did not verify the Claimant's status *at the time* the form was completed, it was not "complete[d] accurately" pursuant to Section 311.1(e) of the Act, and Employer's suspension was authorized. Accordingly, we affirm the order of the Board.

### *ORDER*

AND NOW, this 21st day of November, 2013, the order of the Workers' Compensation Board of Review, dated January 18, 2013, in the above-captioned matter is hereby AFFIRMED.