IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Guida, (Deceased) by Denise  :
Guida, as Personal Representative,     :
                                          :
                 Petitioner     :
                                            :
           v.             : No. 233 C.D. 2021
                                          : Submitted: November 18, 2021
ARO Properties d/b/a Tiger Properties :
(Workers' Compensation Appeal     :
Board),                            :
                                          :
           Respondent   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: December 30, 2021

         Salvatore Guida (Claimant), deceased,[1] through his personal representative and widow, Denise Guida, petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision denying Claimant's first Penalty Petition (Penalty Petition #1) upon determining that the late payment was a *de minimis* violation of the Workers' Compensation Act (Act).[2] Claimant contends that the WCJ

---

[1] Claimant passed away on April 28, 2009.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1 - 1041.4, 2501-2710.

erred and abused his discretion by denying Claimant's Penalty Petition #1. Discerning no error or abuse of discretion, we affirm.

## I. Background

This case has a protracted and complex history with multiple petitions filed by both parties, including six penalty petitions filed by Claimant, numerous appeals taken, and several remands concerning various petitions. This redacted history pertains to Penalty Petition #1.

On February 15, 2005, Claimant filed a Claim Petition against ARO Property d/b/a Tiger Properties (Employer) seeking wage loss and medical benefits for work injuries he sustained to his right knee and low back in January and February 2005. By decision dated August 17, 2006, WCJ John Liebau (WCJ Liebau) granted the Claim Petition as of February 15, 2005, and ongoing, and awarded litigation costs.

Employer timely appealed the WCJ's decision to the Board and requested supersedeas. The Board denied Employer's supersedeas request by order dated September 25, 2006. On October 25, 2006, Employer sent payment in the amount of $47,632.91 to Claimant and his attorney. The Board later vacated the WCJ's decision granting the Claim Petition and remanded for further findings.

On October 26, 2006, Claimant filed Penalty Petition #1 alleging that Employer violated the Act by refusing to pay Claimant's benefits and attorneys' fees following the September 25, 2006 order denying supersedeas. Claimant later maintained that payment was not received until October 31, 2006.

WCJ Joseph Stokes (WCJ Stokes) considered the remanded Claim Petition and Penalty Petition #1 together. By decision dated February 22, 2013, WCJ Stokes granted the Claim Petition on remand, finding that Claimant was entitled to

2

benefits at the weekly rate of $432.90 from February 6, 2005, through his date of death on April 28, 2009, and an additional 10% interest on the delayed compensation benefits. As for Penalty Petition #1, WCJ Stokes found that, on October 25, 2006, Employer paid $33,565.36 to Claimant and $14,067.55 to Claimant's counsel (combined, $47,632.91). The WCJ granted Penalty Petition #1 but determined that Employer already made full payment "including the 50% penalty on those Penalty Petitions." WCJ Op., 2/22/13, at 10; Certified Record (C.R.) at 238.[3]

On appeal, by decision dated January 6, 2015, the Board affirmed the grant of the remanded Claim Petition but vacated the decision as to Penalty Petition #1 with instructions for the WCJ to make new findings of fact and conclusions of law necessary for adequate appellate review.

On remand, by decision dated November 24, 2015, WCJ Stokes found that Penalty Petition #1 was granted but that Employer provided evidence of full payment. The WCJ found: "The evidence presented by [Employer] has shown that checks were issued in the amount of $33,565.36 paying Claimant from February 15, 2005, to October 31, 2006; $14,067.5[5] paid to [Claimant's counsel] from February 15, 2005, to October 31, 2006, for attorney fees." WCJ Op., 11/24/15, Finding of Fact (F.F.) No. 16; C.R. at 323; *see* C.R. at 509. Claimant appealed.

By decision dated August 12, 2016, the Board affirmed. Claimant appealed to this Court arguing that Employer's payments were for compensation and statutory interest only and did not include a 50% penalty. We vacated and remanded for new findings of fact and conclusions of law with respect to Penalty Petition #1. *Guida by Guida v. Workers' Compensation Appeal Board (ARO Properties)* (Pa. Cmwlth., No. 1498 C.D. 2016, filed April 19, 2017). We directed the WCJ to

---

[3] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

make findings as to the timeframe involved, the amount of indemnity owed, the amount of interest owed, the amount of penalty owed, and the calculations used that would support the WCJ's conclusion that Employer paid the penalty owed. *Id.*

On remand, by decision dated January 29, 2018, WCJ Stokes denied Penalty Petition #1. The decision was based on Employer's evidence that it paid $33,565.36 to Claimant and $14,067.55 to Claimant's attorney on October 25, 2006, for a total of $47,632.91, covering the period of February 15, 2005, through October 31, 2006. The WCJ found that Claimant was entitled to $432.90 per week in disability benefits for that time period plus 10% statutory interest for a total of $42,380.10. The WCJ further found that Employer's exhibit showed that 100% of what was owed to Claimant was paid to Claimant, including statutory interest, by October 25, 2006, which was within 30 days of the Board's decision denying supersedeas. The WCJ also found that excess payments were made after Penalty Petition #1 was filed amounting to $177,977.90 over the course of time, when Claimant was only entitled to $94,805.00 in indemnity benefits. Therefore, the WCJ found that Employer made excess payments to Claimant, which more than covered a 50% penalty award. Concluding that Employer ultimately paid all indemnity benefits with interest and "penalty owed," the WCJ denied Penalty Petition #1. WCJ Op., 1/29/18, Conclusions of Law No. 2; C.R. at 509.

From this decision, Claimant appealed asserting numerous errors. By decision dated November 13, 2019, the Board vacated and remanded yet again. The Board found that the WCJ improperly considered ancillary information in deciding whether to award a penalty and miscalculated statutory interest by using a flat 10% instead of 10% per annum. The Board also found that, although the WCJ has, at times, referenced a 50% penalty and penalty owed, the WCJ had never made a

4

determination as to the amount of the penalty. The Board further found that there was never a specific finding that Employer engaged in an unreasonable or excessive delay, which is necessary to justify the maximum 50% penalty. The Board noted that even if a violation of the Act is found, the WCJ does not have to award a penalty and has discretion as to what amount to award, if anything. The Board instructed the WCJ not to consider any extraneous factors in reaching his decision, noting that "Penalty Petition #1 concerns only a finite period of time, namely from the original grant of the Claim Petition by WCJ Liebau on August 17, 2006, until [Employer] issued checks to Claimant and his counsel on October 25, 2006." Board Op., 1/13/19, at 8; C.R. at 406. The only relevant payments are those associated within that period of time and any subsequent payment that can be shown to be for a penalty relating to that period of time. The Board instructed that the WCJ must decide whether a penalty is warranted, and if so, how much. The Board directed that there must be findings regarding unreasonable and excessive delay before a 50% penalty can be justified. The Board also advised that the WCJ may consider extenuating circumstances pertinent to the violation of the Act as alleged in Penalty Petition #1, but not extraneous factors, such as any perceived overpayment over the long run.

On remand, by decision dated June 3, 2020, WCJ Stokes denied Penalty Petition #1. WCJ Stokes reiterated that WCJ Liebau granted Claimant's Claim Petition on August 17, 2006, Employer timely appealed and requested supersedeas, which the Board denied on September 25, 2006. The WCJ found that, according to Claimant's calculation, the total compensation due on October 31, 2006, including interest was $44,475.80. The WCJ found that, on October 25, 2006, before Penalty Petition #1 was filed, assigned, or decided, Employer made a payment of $47,632.91 to Claimant and his attorney. The WCJ found that, although Employer violated the

5

Act through a delayed payment of compensation, Employer's delay in paying Claimant 30 days after the denial of supersedeas was *de minimis*, *i.e.*, Claimant was not caused undue harm by the delay.

Claimant appealed to the Board, arguing that the WCJ did not follow the remand directives; the late payment was over 30 days after the supersedeas order; and the delay was not *de minimis*. Claimant requested a 50% penalty and unreasonable contest fees. The Board affirmed. The Board determined that the WCJ complied with the remand directives and did not commit an error of law. The Board further determined that it was within the WCJ's discretion not to assess a penalty and that the WCJ did not abuse his discretion. Claimant now petitions this Court for review.[4]

## II. Issue

Claimant argues that the WCJ erred and abused his discretion by finding that Employer's late payment was a *de minimis* violation of the Act and by denying Claimant's Penalty Petition #1.

## III. Discussion

Claimant contends that the WCJ's determination that Employer's actions in failing to promptly pay benefits were *de minimis* was erroneous and an abuse of discretion. First, Claimant argues that the WCJ did not follow the directives

---

[4] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011). Substantial evidence is such relevant evidence that a reasonable mind might find adequate to support a conclusion based on the findings of fact. *City of Philadelphia v. Workers' Compensation Appeal Board (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011).

on remand by considering other factors, which were not relevant for determining the amount of interest due. Second, the record demonstrates that the payment was made 36 days after the denial of supersedeas, which is over 60 days from the date of the WCJ's order awarding benefits. Not only was the payment late, Employer's calculation of payment was incorrect regarding the benefit amount and statutory interest. Third, Employer's failure to commence payments within 30 days of the date on which the obligation to pay arose, August 17, 2006, constituted a violation of Section 428 of the Act.[5] The Act specifically requires prompt payment of compensation. An employer that fails to pay benefits in accordance with the order of the WCJ without supersedeas relief is in violation of the Act and is subject to penalties. The WCJ's conclusion that Employer's delay in complying with the Act was *de minimis* and had little effect on Claimant is specious. When viewed in light of Claimant's inability to collect benefits for 84 weeks, Employer's delay in timely paying Claimant following the award is egregious and a conscious disregard for Claimant's rights. While the WCJ may not find an unreasonable or excessive delay warranting a 50% penalty, the WCJ abused his discretion by excusing Employer's violation of the Act by not imposing any penalty. The Board compounded this error by declining to impose a penalty under its own powers.

Section 413(a.2) of the Act, 77 P.S. §774, imposes on the employer the responsibility to request a supersedeas during the appeal process or to make compensation payments. *Varghese v. Workers' Compensation Appeal Board (Ridge Crest Nursing Home)*, 899 A.2d 1176, 1179 (Pa. Cmwlth. 2006). Section 430(b) of the Act, 77 P.S. §971(b), provides that an insurer or employer that refuses to make any payment provided for in the decision without filing a supersedeas petition and

---

[5] Added by the Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. §921.

being granted a supersedeas is subject to a penalty. "Penalties should be tied to some discernible and avoidable wrongful conduct." *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 891 A.2d 1267, 1278 (Pa. 2006).

An employer that fails to pay a compensation award during the pendency of a timely filed supersedeas petition authorized under the Board's regulations may not be subject to a penalty assessment. However, this is not a "safe harbor"; if supersedeas is denied, the employer risks the imposition of penalties for failure to timely pay. *Varghese*, 899 A.2d at 1179. As we explained: "Not to place employers at risk of penalties would make it commonplace for employers to file supersedeas requests with no chance of success just to delay payment and earn interest on benefits due and owing to claimants." *Id.* at 1180. Section 435(d)(i) of the Act[6] provides that the WCJ may impose a penalty of up to 10% of the amount awarded, which may be increased to 50% in cases of unreasonable or excessive delay.

A claimant who files a penalty petition must meet his initial burden of proving a violation of the Act or attendant regulations. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1047 (Pa. Cmwlth. 2011). The burden then shifts to the employer to prove the violation did not occur. *Id.* However, even if a violation of the Act is found, it does not, by itself, mandate the imposition of penalties. *Shaffer v. Workmen's Compensation Appeal Board (Avon Products, Inc.)*, 692 A.2d 1163, 1167 (Pa. Cmwlth. 1997). The decision to impose penalties as well as the amount of penalties is within the discretion of the WCJ. *Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152, 1156 (Pa. Cmwlth. 2004). When

---

[6] Added by the Act of February 8, 1972, P.L. 8, *as amended*, 77 P.S. §991(d)(i).

determining whether to assess a penalty, the WCJ may consider extenuating circumstances pertinent to that particular violation of the Act, but not factors extraneous to the violation. *Lakomy v. Workers' Compensation Appeal Board (Department of Environmental Resources and Pimco)*, 720 A.2d 492, 495-96 (Pa. Cmwlth. 1998). The WCJ is the ultimate factfinder and has complete authority for making all credibility and evidentiary weight determinations. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995).

Relying on *Varghese*, Claimant contends that a penalty should have been awarded. In *Varghese*, we held that where a supersedeas is denied, penalties may be imposed for failure to make payment within 30 days of the Board's order denying supersedeas. There, the employer waited to pay until 28 days after this Court's order denying supersedeas, which was 65 days after the Board's order denying supersedeas. The claimant sought penalties for the delay. The Board incorrectly determined that penalties could not be awarded for the period of time when the supersedeas request was pending both before the Board and this Court, even though both requests were denied. An employer that fails to pay a compensation award during the pendency of a timely filed supersedeas petition and is denied supersedeas is at risk for the imposition of penalties for failure to timely pay. *Varghese*, 899 A.2d at 1179. Based on this legal error, we reversed and remanded the matter to the WCJ "to determine whether an award of penalties [was] appropriate because [the] [e]mployer did not pay benefits *within 30 days of the Board's denial of supersedeas*." *Varghese*, 899 A.2d at 1181 (emphasis added). Nevertheless, we recognized that the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is found. *Id.*

9

Claimant also relies on *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202 (Pa. Cmwlth. 2000), for support that a penalty is warranted. In *Thomas*, substantial evidence showed "a pattern of [the] [e]mployer's flouting its clear obligations under the Act." *Id.* at 1205. The employer committed "persistent and substantial violations of the Act," including failing to pay all benefits due until 14 months after being ordered to do so. *Id.* at 1206. Despite "numerous violations of the Act with no arguably valid rationale," the WCJ denied the claimant's penalty petition. *Id.* Under the circumstances, we determined that the WCJ abused his discretion by failing to award a penalty. Thus, we remanded the matter to determine proper penalties and unreasonable contest attorney's fees. *Id.*

Both cases are distinguishable and do not compel the award of penalties in this case. In *Varghese*, the employer did not pay benefits within 30 days of the Board's denial of supersedeas. In *Thomas*, the employer refused to pay benefits for over 14 months and committed other persistent and substantial violations of the Act.

Here, the WCJ found that Employer issued payment to Claimant and his attorney on October 25, 2006, which is within 30 days from the Board's supersedeas denial. Although Claimant disputes the October 25, 2006 date, claiming he did not receive payment until October 31, 2006, the WCJ found that 100% of what was owed to Claimant was paid to Claimant, including statutory interest, by October 25, 2006, based on Employer's evidence. WCJ Op., 6/3/20, F.F. Nos. 9, 10, 12; *see* C.R. at 509 (Employer's Exhibit D-7). Determinations as to evidentiary weight and credibility are within the exclusive province of the WCJ and are not subject to appellate review. *Sherrod*, 666 A.2d at 385.

Furthermore, the Board's remand instructions were clear that the WCJ was not to consider extraneous factors but only those factors relating to Employer's

10

first payment and Penalty Petition #1. The Board noted that "Penalty Petition #1 concerns only a finite period of time, namely from the original grant of the Claim Petition by WCJ Liebau on August 17, 2006, until [Employer] issued checks to Claimant and his counsel on October 25, 2006." Board Op., 1/13/19, at 8; C.R. at 406. Claimant's argument that he went without benefits for 84 weeks is spurious because he was not awarded benefits until August 17, 2006. The relevant period begins from the date that liability was imposed, not from the date of the injury. As for Claimant's argument regarding incorrect interest, Penalty Petition #1 was based on Employer's refusal to make payment, not that the payment was incorrect. C.R. at 65; *see* Board Op., 11/13/19, at 7 ("Claimant makes no allegation that he did not eventually receive all benefits and interest that he was entitled to receive. Instead, Claimant requests a remand for the WCJ 'to properly calculate the appropriate penalty due under the Act.' (Claimant's brief, p. 3)."); C.R. at 405. The remand was to determine whether a penalty is warranted, and if so, how much. Board Op., 11/13/19, at 9; C.R. at 407.

Upon review, the WCJ reconsidered the evidence as it relates to Penalty Petition #1 by focusing solely on the events and timeline pertaining to Penalty Petition #1 to determine whether a penalty was warranted. Although the WCJ found a violation of the Act based on Employer's delayed payment, because Employer issued checks within 30 days of the Board's supersedeas order, the WCJ determined that Employer's delay was *de minimis* and did not warrant a penalty. Considering the timeline of events, and the WCJ's discretion concerning imposition of penalties, we cannot say, as a matter of law, that the WCJ erred or abused his discretion by denying Penalty Petition #1. The same holds true for the Board.

11

## IV. Conclusion

Accordingly, we affirm the order of the Board.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Guida, (Deceased) by Denise : 
Guida, as Personal Representative, : 
                                           :
                  Petitioner : 
                                           :
                v. : No. 233 C.D. 2021
                                           :
ARO Properties d/b/a Tiger Properties : 
(Workers' Compensation Appeal : 
Board), : 
                                           :
                Respondent : 

# **O R D E R**

AND NOW, this 30th day of December, 2021, the order of the Workers' Compensation Appeal Board, dated February 10, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge